IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| TONY RAY HANSEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 126-112 |
| | ) | |
| WILLIAM BONSACK; BOBBY L. | ) | |
| CHRISTINE; BARRY A. FLEMING; and | ) | |
| LT. LOWE, | ) | |
| | ) | |
| Defendants. | ) | |

---

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

---

Plaintiff, currently a pretrial detainee at Columbia County Detention Center, in Appling Georgia, filed this case pursuant to 42 U.S.C. § 1983. He has paid the $405 filing fee. Notwithstanding the payment of the filing fee, the case or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See Thompson v. Hicks, 213 F. App'x 939, 942 (11th Cir. 2007) (*per curiam*); 28 U.S.C. § 1915A.

I.      **Screening the Complaint**

A.      **Background**

Plaintiff names four individuals as Defendants: (1) William Bonsack, an Investigator with the Columbia County Sheriff's Department; (2) Bobby Christine, District Attorney of Columbia County, Georgia; (3) Judge Barry A. Fleming, Columbia County Superior Court; and, (4) Lt. Lowe, Deputy with the Columbia County Sheriff's Department. (Doc no. 1, pp.

1-3.) Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On September 24, 2025, Investigator Bonsack mislead District Attorney Christine and Judge Fleming into believing Plaintiff was required to register as a sex offender, even though a state court in Utah ruled in May of 2012 that Plaintiff did not have to register. (Id. at 5, 6.) Consequently, Plaintiff was arrested and indicted for Failure to Register as a Sex Offender, resulting in an alleged double jeopardy violation that makes his pending Columbia County charge improper. (Id.); see also *https://clerkofcourtcolumbia.com/court-case-info/*; select Click Here to Search Dockets; select Criminal Search; search "Hansen, Tony" in Superior Court; select 2025CR1190, Attached hereto as Exhibit A (hereinafter "2025CR1190") (last visited Aug. 7, 2026). A bench warrant issued when Plaintiff failed to appear at a December 12, 2025 arraignment, (2025CR1190), and Lt. Lowe arrested Plaintiff on December 19, 2025, even though Plaintiff told him that he had provided proof to the Columbia County Sheriff's Department that a court in Utah ruled Plaintiff is no longer required to register as a sex offender. (Doc. no. 1, pp. 4, 5, 6.) Plaintiff's criminal case is pending in the Superior Court of Columbia County. See 2025CR1190.

Plaintiff seeks five million dollars in compensatory and punitive damages for the mental and physical distress he has suffered because Defendants failed to follow proper procedures in arresting him, even though he was no longer required to register as sex offender. (Id. at 7, 8.) Plaintiff also seeks "injunctive relief to stop future unconstitutional conduct." (Id. at 7.)

**B.      Discussion**

**1.      Legal Standard for Screening**

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails

to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (per curiam) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam). However,

3

this liberal construction does not mean that the Court has a duty to re-write the complaint.  See

Bilal v. Geo Care, LLC, 981 F.3d 903, 911 (11th Cir. 2020); Snow v. DirecTV, Inc., 450 F.3d

1314, 1320 (11th Cir. 2006).

### 2.        The Court Should Abstain Under the Younger Doctrine

Dismissal of Plaintiff's claims is warranted under the Younger abstention doctrine because

the criminal case resulting from the arrest and prosecution about which Plaintiff complains is

pending in the Superior Court of Columbia County.  Investigations and charging decisions during

state criminal proceedings belong to state authorities, and the question of whether a federal court

should abstain from interfering with a state judicial proceeding under the principle of Younger

v. Harris, 401 U.S. 37 (1971), must be considered in three parts:  "first, do [the proceedings]

constitute an ongoing state judicial proceeding; second, do the proceedings implicate important

state interests; and third, is there an adequate opportunity in the state proceedings to raise

constitutional challenges."[1]  31 Foster Children v. Bush, 329 F.3d 1255, 1274 (11th Cir. 2003).

All three factors weigh in favor of abstention.  First, public records confirm what the

complaint implies, i.e., state criminal proceedings are ongoing.  See 2025CR1190.   Second,

the state proceeding implicates an important state interest in criminally prosecuting individuals

who violate state criminal laws.   See, e.g., Juidice v. Vail, 430 U.S. 327 , 335 (1977)

(recognizing important state interest in enforcing its laws); see also Younger, 401 U.S. at 45

(explaining federal courts should not intervene in state criminal prosecutions).  Third, Plaintiff

---

[1]While Younger involved a federal suit seeking equitable relief in the form of an injunction of the ongoing state proceedings, the Eleventh Circuit has also indicated that Younger abstention extends to cases involving § 1983 claims for damages.  See Boyd v. Georgia, 512 F. App'x 915, 917-18 (11th Cir. 2013) (per curiam) (affirming dismissal without prejudice, pursuant to Younger abstention, of § 1983 complaint seeking monetary damages).

has not established that the state proceeding would fail to provide an adequate remedy for his federal claims.  See 31 Foster Children, 329 F.3d at 1279.  For example, Plaintiff can raise in the state trial courts his complaints regarding double jeopardy, (doc. no. 1, p. 6).  See Hughes v. Att'y Gen. of Fla., 377 F.3d 1258, 1263 n.7 (11th Cir. 2004) ("The policy of equitable restraint expressed in Younger . . . is founded on the premise that ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights." (citation omitted)); see also Williams v. State, 838 S.E.2d 235, 238-39 (Ga. 2020) (addressing request to dismiss criminal charges based on double jeopardy arguments).

In sum, Plaintiff's criminal proceeding is ongoing, implicates an important state interest, and will provide an adequate opportunity to raise constitutional challenges to his criminal charge.  Thus, this Court should abstain from ruling under the Younger doctrine, and this case should be dismissed without prejudice as to all four Defendants.  See Jackson v. Georgia, 273 F. App'x 812, 813-14 (11th Cir. 2008) (*per curiam*) (affirming *sua sponte* dismissal due to Younger abstention); Smith v. Mercer, 266 F. App'x 906, 908 (11th Cir. 2008) (*per curiam*) (noting that "[a] dismissal pursuant to the Younger doctrine is without prejudice, and does not preclude later re-filing of the complaint").

### 3.    Judge Fleming Is Immune from Suit

Even if Younger abstention did not apply, Plaintiff's claims for monetary damages against Judge Fleming are barred by judicial immunity.[2]  It is well-settled that judicial officers are entitled to absolute immunity for "actions taken . . . within the legitimate scope of judicial

---

[2]Although claims for injunctive relief are not barred by the same principles as those barring requests for monetary damages, see Bolin v. Story, 225 F.3d 1234, 1239-43 (11th Cir. 2000) (*per curiam*), Plaintiff requests monetary damages from Judge Fleming.

authority." <u>Rehberg v. Paulk</u>, 566 U.S. 356, 363 (2012); <u>Stump v. Sparkman</u>, 435 U.S. 349, 356-57 (1978) (stating that "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'"). Thus, the Court must determine whether Judge Fleming, as the presider over Plaintiff's criminal proceedings, is dealing with Plaintiff in a judicial capacity and whether the conduct alleged clearly falls outside his subject matter jurisdiction. <u>See</u> <u>Stump</u>, 435 U.S. at 359-64.

As Plaintiff makes no allegation Judge Fleming acted in the "clear absence of all jurisdiction," <u>id.</u> at 357, the Court must consider whether his actions were of the type normally performed by judges. <u>Patterson v. Aiken</u>, 628 F. Supp. 1068, 1072 (N.D. Ga. 1985), *aff'd*, 784 F.2d 403 (11th Cir. 1986) (Table). Here, Plaintiff only alleges Judge Fleming improperly signed a warrant for his arrest. (<u>See generally</u> doc. no. 1.) Thus, Plaintiff provides no details to suggest Judge Fleming is either (1) dealing with Plaintiff in any capacity other than his judicial capacity; or (2) engaging in any conduct that falls outside his subject matter jurisdiction. On the contrary, Judge Fleming is acting well within his role as a Superior Court Judge and assigned presider over Plaintiff's felony case.

### 4.    Plaintiff Has No Claims Against District Attorney Christine

Similarly, even if <u>Younger</u> abstention did not apply, Plaintiff's claims against District Attorney Christine are subject to dismissal because his role as prosecutor entitles him to immunity. "A prosecutor is immune from liability under § 1983 for his actions 'in initiating a prosecution and in presenting the State's case,' and for actions that are 'intimately associated with the judicial phase of the criminal process.'" <u>Mikko v. City of Atlanta</u>, 857 F.3d 1136, 1142 (11th Cir. 2017) (quoting <u>Imbler v. Pachtman</u>, 424 U.S. 409, 430-31 (1976)). This

absolute immunity shields prosecutors from liability for "actions taken . . . in their role as advocates." Rehberg, 566 U.S. at 363. "The prosecutorial function includes the initiation and pursuit of criminal prosecution, and most appearances before the court . . . ." Rivera v. Leal, 359 F.3d 1350, 1353 (11th Cir. 2004) (citations omitted); see also Kassa v. Fulton Cnty., Ga., 40 F. 4th 1289, 1293-94 (11th Cir. 2022) (analyzing prosecutorial immunity in fact-specific inquiry considering, among other fact-specific reasons, recall of material witness warrant did not "require[] . . . exercise of professional judgment or legal skill"). As Plaintiff's claims against District Attorney Christine rest entirely on his actions taken in the exercise of professional judgment or legal skill as a prosecutor, the § 1983 claims fail.

### 5.   Plaintiff Has No Claims Against Investigator Bonsack or Lt. Lowe for Malicious Prosecution

For the sake of completeness, even if Younger abstention did not apply, Plaintiff has no claim against Investigator Bonsack or Lt. Lowe. That is, to the extent Plaintiff may be attempting to raise claims against Investigator Bonsack or Lt. Lowe for malicious prosecution based on an allegation that they knew or should have known he was not required to register as a sex offender and therefore his seizure pursuant to the arrest warrant signed by Judge Fleming was improper, those claims fail.

To establish a § 1983 malicious prosecution claim, "a plaintiff must prove (1) the elements of the common law tort of malicious prosecution, and (2) a violation of [his] Fourth Amendment right to be free of unreasonable seizures." Paez v. Mulvey, 915 F.3d 1276, 1285 (11th Cir. 2019) (citation and quotation marks omitted); see also Williams v. Aguirre, 965 F.3d 1147, 1157 (11th Cir. 2020) ("[T]his Court uses 'malicious prosecution' as only 'a shorthand way of describing' certain claims of unlawful seizure under the Fourth Amendment." (citations omitted)). The elements of the common law tort of malicious prosecution include: "(1) a

7

criminal prosecution instituted or continued by the present defendant; (2) with malice and without probable cause; (3) that terminated in the plaintiff accused's favor; and (4) caused damage to the plaintiff accused." Paez, 915 F.3d at 1285 (citation omitted). A malicious prosecution claim does not accrue until the favorable termination occurs. See, e.g., Heck v. Humphrey, 512 U.S. 477, 484 (1994) ("One element that must be alleged and proved in a malicious prosecution action is termination of the prior criminal proceeding in favor of the accused." (citations omitted)). The lack of any allegation that the underlying criminal proceeding has terminated in Plaintiff's favor is fatal to any malicious prosecution claim.

### 6.    Plaintiff Cannot Seek Dismissal of His State Charges in this Lawsuit

To the extent Plaintiff asks the Court to grant the extraordinary remedy of stepping into his pending criminal case and declaring his charges dismissed, (doc. no. 1, p. 7), he is not entitled to this remedy for at least two reasons. First, a prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement' . . . . He must seek federal habeas corpus relief (or appropriate state relief) instead." Wilkinson v. Dotson, 544 U.S. 74, 78 (2005). Federal habeas corpus statutes and § 1983 "are mutually exclusive: if a claim can be raised in a federal habeas petition, that same claim cannot be raised in a § 1983 civil rights action." Hutcherson v. Riley, 468 F.3d 750, 754 (11th Cir. 2006).

Second, even if Plaintiff had filed a federal habeas petition, it would be entirely premature. Under the Anti-Terrorism and Effective Death Penalty Act of 1996, and in accordance with the traditional exhaustion requirement, an application for a writ of habeas corpus shall not be granted unless it appears that the petitioner has exhausted the remedies available to him by any state court procedure. See 28 U.S.C. §§ 2254(b)(1)(A) & (c). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the

State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." Id. § 2254(c) (emphasis added). Plaintiff has made no attempt to invoke any available state court procedures to seek dismissal of his pending charges.

## II.      Conclusion

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's case be **DISMISSED** without prejudice and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 7th day of August, 2026, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA